IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 2 0 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-01624-BNB

JOSEPH WILLIAM JEAN-LOUIS,

Applicant,

v.

WARDEN DANIELS, U.S. Penitentiary, Florence, Colorado,

Respondent.

---

ORDER OF DISMISSAL

---

Applicant, Joseph William Jean-Louis, is a prisoner in the custody of the United States Bureau of Prisons at the United States Penitentiary in Florence, Colorado. Mr. Jean-Louis initiated this action by filing *pro se* a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. #2) and an amended petition for a writ of habeas corpus (Doc. #3). Mr. Jean-Louis was directed to file another pleading on the proper form and, on July 19, 2010, he used the proper form to file two amended applications for a writ of habeas corpus pursuant to § 2241 (Docs. #6 & 7). Mr. Jean-Louis asserts the same three claims challenging the validity of his conviction for bank robbery in both applications filed on July 19, although the amended application filed as document #7 includes a number of attachments that were not submitted with the amended application filed as document #6.

On September 14, 2010, Magistrate Judge Boyd N. Boland entered an order in this action determining that the amended application filed as document #7 would be considered the operative pleading in this action. Magistrate Judge Boland also ordered Mr. Jean-Louis to show cause why this action should not be dismissed because he has

an adequate and effective remedy for his claims pursuant to 28 U.S.C. § 2255 in the sentencing court. On October 1, 2010, Mr. Jean-Louis filed a document titled "Brief" that responds to Magistrate Judge Boland's show cause order and that also addresses the merits of his claims. On October 18, 2010, Mr. Jean-Louis filed another "Brief" that again responds to Magistrate Judge Boland's show cause order as well as the merits of his claims.

The Court must construe the papers filed by Mr. Jean-Louis liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. Jean-Louis was convicted of bank robbery in the United States District Court for the Western District of Missouri. Construing the amended application liberally, each of the three claims for relief he asserts in this action relate to his mental capacity at the time he allegedly committed the bank robbery. Mr. Jean-Louis previously challenged his conviction by filing in the trial court a motion pursuant to 28 U.S.C. § 2255. *See Jean-Louis v. United States*, No. 09-CV-S-RED, Crim. No. 07-03102-01-CR-S-RED, 2009 WL 1912523 (W.D. Mo. July 1, 1999). The § 2255 motion was denied.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." *Id.*

(citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus petition pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366. However, "[o]nly in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (noting that the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances").

Mr. Jean-Louis contends in his responses to Magistrate Judge Boland's show cause order that the remedy available in the sentencing court pursuant to § 2255 was inadequate or ineffective because the district judge who ruled on his § 2255 motion was the same judge who presided over his criminal case and could not be impartial. However, the fact that Mr. Jean-Louis has been denied relief in the sentencing court, by itself, does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. *See Williams*, 323 F.2d at 673. Furthermore, as noted above, "[t]he purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson*, 347 F.2d at 366. Therefore, the fact that the judge

3

who denied the § 2255 motion filed by Mr. Jean-Louis also presided over his criminal case does not demonstrate that the remedy available in the sentencing court pursuant to § 2255 is inadequate or ineffective. In addition, even if the sentencing court was not impartial and erroneously denied the § 2255 motion Mr. Jean-Louis filed, that fact still would not demonstrate that the § 2255 remedy is inadequate or ineffective because Mr. Jean-Louis could have appealed the unfavorable decision. *See Sines*, 609 F.3d at 1073.

For these reasons, the Court finds that Mr. Jean-Louis fails to demonstrate the remedy available to him in the sentencing court pursuant to 28 U.S.C. § 2255 is inadequate or ineffective. As a result, the instant action will be dismissed. Accordingly, it is

ORDERED that the habeas corpus applications and the amended applications are denied and the action is dismissed because Applicant fails to demonstrate that the remedy available to him in the sentencing court is inadequate or ineffective.

DATED at Denver, Colorado, this __20th__ day of __October__, 2010.

BY THE COURT:

*signature*

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01624-BNB

Joseph W. Jean-Louis
Reg. No. 23345-048
USP - Florence
PO Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/20/10

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk